# Watts and Parker, Executors, *versus* Fox.

1. Under the Act of March 21st 1772 (Landlord and Tenant) the object of the law is, that the summons to appear before the inquest should be served on the premises on the person in actual possession.

2. Service on the premises on a person in possession claiming to be the agent of the lessee, is sufficient.

February 21st 1870.   Before READ, AGNEW and SHARSWOOD, JJ.   THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia:* No. 266, to January Term 1870.

Isaac Brown Parker leased the American Theatre to Robert Fox for four years, commencing March 31st 1865, for a yearly rent of $3000—in addition to which Fox was to pay "all taxes, charges, license fees, assessments, water-rents, gas charges and other impositions of every kind which should be charged on the

[Watts *v.* Fox.]

premises." Parker died 19th September, 1865, having made his will, whereby he appointed Frederick Watts and John Brown Parker his executors, giving them full power and authority to sell, convey and dispose of all or any part of his real estate.

On the 31st of March 1869, a notice to quit, signed " John B. Parker, Frederick Watts, per John B. Parker, executors," was served on Fox. On the 19th of July, John B. Parker instituted proceedings before two aldermen, under the Act of March 21st 1772, to recover possession of the premises.

The aldermen issued the ordinary precept to the sheriff to summon an inquest, and also to summon Fox. The sheriff returned that he had summoned an inquest, and that he " did also summon Robert Fox, to be and appear at the time and place as within commanded by the writ, by leaving a true and attested copy of the within writ on the premises within described, with William J. Gilmore, his agent, and making known to him the contents thereof, July 20th 1869."

Fox did not appear before the aldermen and inquest, who found against him, and assessed " the sum of $916.66 damages, for taxes $600, for gas consumed $101.09, and water-rent $26.35; making in all $1644.10 for the damages of the said executors, occasioned by the unjust detention of the said premises."

Fox removed the proceedings into the Court of Common Pleas by certiorari, and filed the following exceptions :—

1. The suit was improperly brought by executors, who cannot maintain proceedings for the possession of real estate.

2. The notice to quit was signed by one executor only, and was therefore defective.

3. Defendant was not summoned as required by law.

4. Sheriff did not summon freeholders as required by the Act of Assembly.

5. Damages are excessive, and given for other objects than the unjust detention of the premises.

The Court of Common Pleas (Allison, P. J.) reversed the proceedings, on the ground that the service on Fox had not been a personal service.

The plaintiffs removed the case to the Supreme Court, and assigned the reversal of the proceedings for error.

*H. Hanson* (with whom was *D. Dougherty*), for plaintiffs in error.—The objection to the service was too late, the defendant should have applied to the aldermen to set it aside: Winrow *v.* Raymond, 4 Barr 501; Zion's Church *v.* St. Peter's Church, 5 W. & S. 215. The notice was sufficient: Act of March 21st 1772, § 12, 1 Smith's L. 373, Purd. 613, pl. 18; Bujac *v.* Morgan, 3 Yeates 258; Oakland Railroad *v.* Keenan, 6 P. F. Smith 198.

14 P. F. Smith—22

[Watts *v.* Fox.]

*P. E. Carroll* (with whom was *J. P. O'Neill*), for defendant in error, referred to Winrow *v.* Raymond, 4 Barr 501. The return of the sheriff was part of the record: Freeman *v.* Caldwell, 10 Watts 11; Flick *v.* Troxsell, 7 W. & S. 65. The executors were not the proper persons to institute the proceedings: 2 Williams on Exrs. 831; Wilson *v.* Hamilton, 9 S. & R. 431; Henderson *v.* Boyer, 8 Wright 220. He referred also to Railroad *v.* Heister, 8 Barr 452.

The opinion of the court was delivered, May 5th 1870, by

READ, J.—The leased premises were a theatre, and not a dwelling-house, nor did the defendant live in it, but it was occupied by his agent, William J. Gilmore, and the return of the sheriff shows that in obedience to the writ issued by the two aldermen he summoned the defendant to be and appear at the time as within commanded by the writ, by leaving a true and attested copy of the within writ on the premises within described, with William J. Gilmore, his agent, and making known to him the contents thereof, July 20th 1869.

The exception sustained by the court below, was that the defendant was not summoned as required by law, and not that he had not actual notice of it and of the proceedings.

The Act of 21st March 1772, in the 12th section says, "and also to summon the lessee, or other person claiming or coming into possession under the said lessee or tenant," and it therefore appears to be the object of the law, that the service should be made in such a manner, that the person in actual possession of the demised premises, should have notice of the summons. At the time of the passage of this act, personal service of the ordinary summons was not necessary, and the sheriff might leave "notice in writing of such summons at the house of the defendant, in the presence of one or more of his family or *neighbors*, signifying that the defendant should be and appear, according to the contents of such summons."

From the language of the act, service on the demised premises upon the person in possession seems to be contemplated, and therefore the service of the summons upon the person in possession claiming under the lessee as his agent, is a sufficient service in the present case. The objection was purely technical, the defendant no doubt having actual notice of all the proceedings—although voluntarily abstaining from appearing and taking defence.

There is nothing in the 1st, 2d and 4th exceptions, but there is in the 5th exception, and the plaintiffs have agreed to withdraw all that portion of their claims which relates to the damages, and to consent to a *reversal* of so much of the judgment as relates to the same, it is therefore ordered that the judgment of the Court of Common Pleas be reversed, and that so much of the judgment

[Watts v. Fox.]

of the aldermen as directs that restitution of the said demised premises be made to the said Frederick Watts and Isaac Brown Parker be affirmed, and the residue of said judgment is reversed.

Restitution to be made forthwith.