# Singer *v.* Sheriff, Appellants.

*Landlord and tenant—Demand—Ejectment—Judgment.*

Where a lease provides that the rent shall be payable at the office of the agent of the lessor, it is not necessary for the lessor to make demand at such office before entering judgment under the ejectment clause of the lease.

Where a judgment has been entered in the name of the lessor against the lessee in strict accordance with the terms of the lease, the lessee cannot allege as grounds for striking off the judgment, that the lease had been assigned before the entry of the judgment, where there is nothing in the record to show such an assignment.

Argued April 25, 1905. Appeal, No. 145, April T., 1904, by defendants, from order of C. P. No. 1, Allegheny Co., Sept. T., 1901, No. 418, discharging rule to strike off judgment in case of Singer, Nimick & Company v. C. F. Sheriff and J. C. Sheriff, trading as The Sheriff Machinery Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off judgment.

The opinion of the Superior Court states the facts.

*Error assigned* was the order of the court.

*E. W. Arthur,* for appellants.—Having elected to pursue a summary and technical remedy, plaintiffs were bound to fulfill to the letter all the prerequisites to the enforcement of their right, that is to say, they must (1) have made a formal and legal demand for payment of rent; (2) have cancelled the lease and declared a forfeiture in default of payment so demanded, and (3) they must must have entered judgment upon a valid and subsisting warrant of attorney: Rea v. Eagle Transfer Co., 201 Pa. 273; McCormick v. McConnell, 6 S. & R. 151; Stevenson v. Virtue, 13 Pa. Superior Ct. 103; Jenks v. Hendley, 6 Phila. 518; Patterson v. Pyle, 1 Monaghan, 351; Knox v. Fleck, 22 Pa. 337; Harstraw v. Carey, 2 W. N. C. 522; In re Nescopeck Bridge Co., 120 Pa. 288.

*James Balph,* with him *R. A. Balph,* for appellee.

OPINION BY MORRISON, J., July 13, 1905 :

This is an appeal by the defendants from the decree of the court below discharging rule to strike off a judgment in eject-ment. The judgment was confessed by an attorney by virtue of a warrant contained in a written lease or agreement dated March 2, 1901, between the plaintiff and defendants. The rent was payable monthly at the office of Samuel W. Black & Company, Pittsburg, Pennsylvania, to wit : the sum of $225 on the last day of April, 1901, and a like sum on the last day of each month thereafter, during the continuance of the lease. The lease contained a covenant as follows : " It is agreed be-tween the parties hereto that should the aforesaid rent, or any part thereof, remain unpaid after the same shall become due and payable, the said lessors may, at their option, cancel this lease, and the said lessees agree that in case of the exercise of said option and cancellation of said lease by said lessors, that the said lessees will at once surrender the said lease, will be-come tenants at will of said lessors, and, will, after ten days' notice in writing left upon the premises, remove from and de-liver up possession of the premises to the said lessors, and the said lessors may, after ten days' notice, re-enter and repossess themselves of the said premises, using such and so much force as may be necessary to that end ; or in such case the said les-sors may, at their option, issue a writ of ejectment against the said lessees for said premises, and thereupon the said lessees hereby authorize any attorney of any court of record in the United States, or elsewhere, to appear for them in said suit, and confess judgment therein, and agree that a writ of habere facias shall be issued on said judgment and on said writ, that the said lessees shall be ousted from the possession of said premises, and the said lessors put in possession of the same, and the said lessees hereby waive all errors and irregularities in such suit or judgment or execution, and the said lessees hereby waive the benefit of all exemption laws, whether under state laws or under the laws of the United States."

On June 20, 1901, a written notice was served on the les-sees, canceling the lease in accordance with its terms, for non-payment of the rent for May, 1901. Thereupon the lessees filed a bill in equity at No. 190 of September Term, 1901, to restrain the lessor from repossessing itself of the property held

by defendants under said lease. Said bill was filed on June 28, 1901, and after hearing, the court, on July 18, 1901, filed a decree dismissing the bill, holding in effect, that the lessor was warranted in forfeiting the lease. Then on July 26, the judgment herein in ejectment was entered and a writ of habere facias' being issued thereon, the lessees then voluntarily removed from the premises and the sheriff made return of the writ "possession given." The case then rested for nearly two years till April 18, 1903, when the defendants presented their petition praying for a rule on the plaintiff to show cause why the judgment entered in the ejectment case should not be stricken off.

After rule granted and hearing, the learned court below, in a brief opinion, discharged the rule for two reasons: (1) That the right of the plaintiff to cancel the lease, enter judgment, and repossess itself of the property had been fully determined by the court at No. 190 of September Term, 1901, in equity, and, (2) Even if there were no judgment in bar, the petitioners had presented no adequate excuse for the delay in asking to have the judgment stricken off. If this judgment were illegal or void on its face, these reasons would not be good. But an examination of the record shows that the judgment in ejectment is regular on its face. It is contended strongly that the judgment is bad because no demand was made for the payment of the rent for May, 1901, at the place where it was made payable. We do not see the force of this contention. The rent was not payable on the premises nor was there a failure to designate a place of payment. The place named in the lease for the payment of the rent is the office of Samuel W. Black & Company, Pittsburg, Pennsylvania. They were the agents of the lessor for the collection of the rent and it would have been an idle performance for them to sit in their own office and demand the payment of the rent from themselves. They were under no obligation to go elsewhere for its collection. Moreover, on May 17, 1901, Black & Company wrote and mailed a letter to the lessees demanding the payment of the rent.

The learned counsel for the appellants cites and relies on Rea v. Eagle Transfer Co., 201 Pa. 273. In that case Mr. Justice MITCHELL said: " The action is ejectment to terminate a lease for nonpayment of rent and no place of payment being

specially named it was incumbent on the plaintiff to show a demand on the land previous to the declaration of forfeiture. It is admitted that no such demand was made and the plaintiff therefore failed in a part of his case essential to his right to recover." We do not think this case rules our question because the lessees had covenanted in the lease to pay the rent at the office of Black & Company, and if they did not call there and pay it, the lessor had the right by the plain terms of the covenant, to give notice of cancellation of the lease and enter judgment of ejectment. The counsel also cites Jackson & Gross, sec. 237, that the demand must be made "upon the land whereout the rent is reserved and at the most notorious part thereof, unless the rent be made payable at some other place, in which case the demand must be made there." This, we understand, means where the rent is made payable to the lessor at some other place; in which case he must go there on the day and demand the rent. But, in the present case, the rent was made payable at another place, but to a specific party and it was the duty of the lessees to go there and pay the rent on the day it was due. The lessor was not required to be at that place in person and demand the rent, because its agent was there for the express purpose of receiving it and the lessees were in default in not going to the office of Black & Company and paying the rent. Of this default and the intention of the lessor to cancel the lease and proceed for possession, the lessees received due written notice on June 20, 1901, more than ten days before the entry of the judgment. In addition to this the plaintiff's declaration in the ejectment case avers : " that the said defendants failed to pay the rent for the month of May at the time and place of payment, although repeatedly requested so to do, whereupon the plaintiff, as provided in said lease, gave them notice as follows." Here follows the notice of June 20, 1901.

It is further contended that the plaintiff had assigned the lease before the notice of cancellation or forfeiture was given and for that reason, the judgment ought to be stricken off. The judgment was entered in the name of the lessor, against the lessees and this is strictly in accordance with the terms of the lease. The only cases cited by the appellant on this point are Jenks v. Hendley, 6 Phila. 518, and Patterson et al. v.

Pyle, 1 Monaghan, 351. In those cases the judgments were not entered in the name of the lessors but in one of them the judgment was entered in favor of the assignee in his own name, and in the other case, the judgment was entered in the name of the owner, but the lease was not in his name but in the name of another. But the appellants do not establish the fact of an assignment of the lease, prior to the entry of the judgment in ejectment. They aver it in their petition but do not attach a copy of the assignment and do not state its substance. We cannot accept this loose declaration that the lessor had parted with its title to the lease, prior to entering the judgment. This averment did not require a denial in the answer to the petition. It is stated in the argument that the lessor admits the assignment but we find no such admission in the record. On the contrary, the lessor strongly, in effect, asserts ownership of the lease by entering judgment thereon and proceeding to recover possession of the leased premises. Moreover, if there is an assignment of this lease the assignee is making no objection to this judgment and recovery of possession in the name of the original lessor, and on this record it does not lie in the mouth of the lessees to complain that the judgment is entered in strict compliance with the terms of the lease and warrant.

The assignment of error is dismissed and the order discharging the rule is affirmed.