# Robinson *v.* Huchestein, Appellant.

*Landlord and tenant—Liability of tenant for taxes and water rents—Forfeiture.*

Where a lease provides that the lessee shall pay taxes and water rent, and also provides that upon a default for sixty days in such payments the lease shall cease and absolutely determine, and there is further provision for confession of judgment for the enforcement of the forfeiture and also a reservation of right in the lessors after the determination of the lease to bring any other action against the lessee for possession "for rent accrued before such determination . . . . or for damages," the landlord may, after a forfeiture of the lease, maintain an action against the tenant to recover damages for a breach of the covenant to pay the taxes and water rents that had accrued prior to the forfeiture and had been left unpaid by the tenant.

Argued May 7, 1913. Appeal, No. 83, April T., 1913, by defendants, from order of C. P. Allegheny Co., Jan. Term, 1912, No. 641, making absolute rule for judgment

for want of a sufficient affidavit of defense in case of
James A. Robinson et al. v. Frank Huckestein et al.,
partners now or formerly doing business under the firm
name of Federal Bowling Company. Before RICE, P. J.,
HENDERSON, MORRISON, ORLADY, HEAD and PORTER,
JJ. Affirmed.

Assumpsit for breach of covenant in a lease. Before
HAYMAKER, J.

At the trial it appeared that on April 1, 1904, the
defendants executed a lease of certain property in the
city of Allegheny in which they covenanted to pay all
the taxes that might be assessed upon the property.
The lease further provided as follows:

" And it is further agreed that if the rents shall at any
time be in arrear or unpaid for a period of sixty days
after the same shall become due and payable as afore-
said, or any tax, including water tax or gas bills and in-
surance premiums, shall remain due and payable and
unpaid, for a like period, or if the said parties of the
second part shall under-let or assign this lease or shall
fail to comply with the conditions of this lease, or shall
not well and truly perform and fulfill all and every
the covenants and agreements on their part to be kept
and performed, for a period of sixty days after notice
in writing to said parties of the second part by said
parties of the first part of their failure to comply with
the conditions and fulfill the covenants of this lease,
then this lease shall cease and absolutely determine and
any attorney may immediately thereafter, as attorney
for the said parties of the second part, at the sole re-
quest of the said party of the first part, sign an agree-
ment for entering in any competent court an amicable
action and judgment in ejectment (without any stay of
execution or appeal) against said parties of the second
part and all persons claiming under said parties of the
second part for the recovery by the said party of the
first part of possession of the hereby demised premises

without any liability on the part of the said attorney
for which this shall be a sufficient warrant. . . . No
such determination of this lease, nor taking nor recover-
ing possession of the premises shall deprive the party
of the first part of any other action against the parties
of the second part for possession, for rent accrued before
such determination, for any gas bill left unpaid, for any
expense incurred in removing ashes, rubbish or refuse
matter from said premises, or for damages."

Other facts appear by the opinion of the Superior
Court.

*Error assigned* was order making absolute rule for judg-
ment for want of a sufficient affidavit of defense.

*Donald Thompson,* with him *Blakeley & Calvert* and
*J. E. B. Cunningham,* for appellants, cited: Wolf v.
Guffey, 161 Pa. 276; Wheeling v. Phillips, 10 Pa.
Superior Ct. 634; Homet v. Singer, 35 Pa. Superior Ct.
491; Brisben v. Wilson, 60 Pa. 452; Detwiler v. Cox,
75 Pa. 200; Fernwood Masonic Hall Assn. v. Jones,
102 Pa. 307; Latimer v. Groetzinger, 139 Pa. 207.

*David E. Mitchell,* with him *W. A. Griffith,* for ap-
pellees, cited: Haines v. Elfman, 235 Pa. 341; Wolf
v. Guffey, 161 Pa. 276; Wheeling v. Phillips, 10 Pa.
Superior Ct. 634.

Opinion by Porter, J., September 00, 1913:

The plaintiffs brought this action to recover the rent,
taxes and water rents, which under the provisions of a
written lease the defendants had covenanted to pay.
The court below made absolute a rule for judgment for
want of a sufficient affidavit of defense, from which order
the defendants appeal. The appellants state the ques-
tion involved to be: "Question of the right of a landlord,
who has forfeited a lease for nonpayment of rental,
taxes and water rents, to sue for and collect from the

tenant taxes and water rents unpaid but payable at the time of the forfeiture, where the lease saves the 'rent' only from the effect of the forfeiture, and neither the taxes nor the water rents are reserved as 'rent.'"

The rent, taxes and water rents in question were all past due and in default when, on October 9, 1911, the plaintiffs served upon the defendants a written notice that, because of the default in the payment of the taxes and water rents for the year 1911 for a period of more than sixty days after the same became due, the plaintiffs ended and terminated the lease and required defendants to deliver possession of the premises forthwith. The lease contained this covenant: "And it is further agreed that if . . . . any tax, including water tax or gas bills and insurance premiums, shall remain due and payable and unpaid, for a like period (sixty days) . . . . then this lease shall cease and absolutely determine." Then followed a covenant authorizing confession of judgment in ejectment for the premises, for the enforcement of the forfeiture. There had been a default for more than sixty days in the payment of the taxes and water rents, and under the provisions of the lease the plaintiffs had the right to declare a forfeiture. The affidavit of defense, after setting forth that the plaintiffs had thus ended and determined the lease, by the service of this written notice, averred: "That the plaintiffs . . . . thereupon received and accepted Edward Goetz, receiver of Federal Bowling Company of Pittsburg, a corporation, as tenant of the premises, to the exclusion of the defendants, and of all other persons whatsoever, receiving rental from him and dealing with him in all other respects as the exclusive tenant of the premises." We are of opinion that the affidavit of defense sufficiently averred a forfeiture of the lease, on October 9, 1911, by the plaintiffs and that, in pursuance of such forfeiture, the plaintiffs took possession of the premises and excluded the defendants therefrom.

The question whether the plaintiffs, after having

forfeited the remainder of the term under the lease, can maintain this action to recover the rent, taxes and water rents which were due and unpaid prior to the forfeiture, must be determined in the light of all the covenants of the lease: Willis v. Manufacturers' Natural Gas Co., 130 Pa. 222; Wheeling v. Phillips, 10 Pa. Superior Ct. 634; Wolf v. Guffey, 161 Pa. 276. Contracts are to be construed in the light of the circumstances under which they are made and the relations in which the parties stand to each other and the property which is the subject-matter of their covenants. These defendants and those who held under them were, under the provisions of this lease, to enjoy the exclusive use of the property, and for that use they were to pay the rent and other charges involved. The lease did not in express terms provide that it should become "null and void," upon default by the defendants in the payment of rent and taxes. The covenant, under which the plaintiffs resumed possession of their property, was that, upon default by the lessees "this lease shall cease and absolutely determine and any attorney may immediately thereafter . . . . sign an agreement for entering in any competent court an amicable action and judgment in ejectment," etc. The parties did not, however, leave anything to implication, for embodied in the lease was the following express covenant. "No such determination of this lease, nor taking, nor recovering possession of the premises shall deprive the party of the first part of any other action against the parties of the second part for possession, for rent accrued before such determination, for any gas bills left unpaid, for any expense incurred in removing ashes, rubbish or refuse matter from said premises, or for damages." The appellants concede that this covenant of the lease will sustain an action for the rent which had accrued prior to the resumption of possession by the plaintiffs, but they assert that the claim for taxes and water rents is not in strictness rent, and that it does not fall within the

provisions of this covenant: It may be conceded that, under the provisions of this lease the taxes and water rents cannot be considered a part of the rent. Standing alone a covenant to pay taxes and water rent is a covenant to pay to the party entitled, the municipality, and not to the lessor: Evans v. Lincoln Company, 204 Pa. 448. The covenant above quoted is, however, very broad in its terms. It authorizes the lessors, after the determination of the lease, to bring any other action against the lessees for possession, for rent accrued before such determination, . . . . or for damages. There is no limitation as to the character of the damages which the lessors might recover in such an action. There is nothing in the lease which would warrant us in holding that the word "damages" must be construed as meaning compensation for some physical injury to the property. The covenant of the lessees to pay the taxes meant that they should pay them to the municipality, not to the lessors. The lessors could not maintain an action against the lessees for the taxes, as taxes. When the lessees failed to pay the taxes and water rent, those taxes became a charge upon the property, which the plaintiffs had the right to discharge. When the plaintiffs paid the taxes and water rent, their claim upon these defendants was founded in contract, but in any action to enforce that claim they must seek damages for failure of the defendants to keep their covenant to pay to the municipality. The term "action for damages" as here used is certainly sufficiently broad to cover an action for damages for a breach of the express covenants of the contract, and we find nothing in the lease which would warrant us in holding that it must be given a more limited meaning.

The judgment is affirmed.