## Brown v. Traver et al.

*D. R. Hobbs*, for plaintiff.
*Trembath & Farr*, for defendants.

FARR, P. J., January 9, 1942.—On April 1, 1936, John Brown of Noxen, by written lease, let unto Bertha Traver and Alfred Traver a certain house on the north side of Main Street in Noxen, for one year, reserving money rent of $11 per month, and in said written lease provided:

"And it is agreed that if default be made in any of said payments for a period of 30 days, the party of the first part may then retake possession of said dwelling and determine the lease without refunding any of the payments which shall have been made."

By continuing in possession from year to year the lease was renewed up until this proceeding was instituted by Brown to regain possession of the premises under the Act of December 14, 1863, P. L. (1864) 1125, 68 PS §364. Although the term did not expire by its own limitation until April 1, 1942, yet by reason of the above-quoted option plaintiff had a right, for nonpayment of rent, to terminate it on November 6, 1941: Quinn v. McCarty, 81 Pa. 475, 480.

On August 5, 1941, the landlord served upon the tenants the following notice:

"To Alfred Traver and Bertha Traver: Take Notice: That I desire to have again and repossess the premises, being the east side of a dwelling house on the north side of Main Street in the Village of Noxen, Township of Noxen, County of Wyoming and State of Pennsylvania, and the land and outbuildings appurtenant thereto, which I leased to you for the term of one year, within three months from the date of the service of this notice upon you, and I hereby require you to deliver to me the possession of the said premises so held within three months from the date of the service of this notice; failing which, I shall proceed against you as the law directs."

Defendants having failed to deliver possession in accordance with the notice, Newell A. Doty, justice of the peace, on November 6, 1941, upon complaint under oath of plaintiff, J. H. Brown, issued his summons under the Act of 1863, supra, and on the day fixed for hearing plaintiff appeared. Defendants did not appear. The lease was offered in evidence, which is as follows:

"This Lease, Made this 1st day of April, 1936, between John H. Brown of Noxen, Pa., Wyoming Co. of the first part, and Bertha Traver Alfred Traver Monroe Twsp. Wyoming Co. Pa. of the second part, Witnesseth: that the party of the first part hereby leases unto the party of the second part, one Dwelling House North side of Main St Noxen for the term of One Year in consideration of the Money rental of $11.00 Dollars, to be paid at the end of each 15th, & 30th. (Of each Month) during said term, by the party of the second part to the party of the first part, and it is agreed that if default be made in any of said payments for the period of 30 days, the party of the first part may then retake possession of said Dwelling and determine this lease without refunding any payments which shall have been made.

"And at the end of said term the party of the second part agrees to return said Dwelling to the party of the first part in its present condition, reasonable wear and tear excepted, unless the party of the second part shall then desire to purchase the same, in which event (all of said rental first having been paid) the party of the first part agrees to sell said dwelling unto the party of the second part for the further sum of (Or any other party) 12.00 Dollars. It is distinctly understood that the whole of the Contract between the parties is expressed herein."

At the hearing, among other things, it was shown by the testimony of one Fred Schenck that he was the agent of the landlord, and that the tenants had failed to pay a portion of the rental due on January 30, 1941, to the extent of $3.20, and that they paid no other rent for February, March, April, May, June, July, August, September, October, and the part due from November 1st to November 6th, which amounted to $69.20 from January to and including July.

The judgment entered by the justice was as follows: "I give judgment against Alfred Traver and Bertha

Traver that they and each of them forthwith give up the possession of the said premises, being the East side of dwelling house on the north side of Main Street in the village and township of Noxen, Wyoming County, Pennsylvania, belonging to J. H. Brown, to the said J. H. Brown, and I do hereby give, render and enter judgment in favor of J. H. Brown and against said Alfred Traver and Bertha Traver for damages in the amount of $102.20, and for costs of this proceeding in the amount of $22.60."

In another place in the transcript the justice shows how he made the computation. It was for rental due for the last one third of the month of January 1941, and for the months of February, March, April, May, June, July, August, September, and October 1941: "I find that the fair market value for the use and occupation of the premises for said period is $102.20."

The act of assembly provides that a judgment may be rendered against the tenant for such damages as in the opinion of the justice the lessor may have sustained and for all the costs in the proceeding. This judgment for damages was entirely unwarranted. The record shows that it was for the very rent for nonpayment of which the forfeiture was declared. In other words, the landlord insists upon eating his cake and still having it. This he may not do: Wheeling v. Phillips, 10 Pa. Superior Ct. 634, 638. It will be observed that there was no covenant in the lease here involved, enabling the landlord to declare a forfeiture and also recover the rent for which the forfeiture was declared. Under the authority of Watts and Parker, Execs., v. Fox, 64 Pa. 336, we could set aside the money judgment and sustain the one for possession.

The chief and most baffling exception to this record is the first one. That is, that the justice was without jurisdiction because no demand was made for the precise amount of rent due on the very day it was due, and on the most notorious place on the land. The au-

thority cited is Rea v. Eagle Transfer Co., 201 Pa.
273, in which this proposition is held to be the law.
The source of that authority is 2 Lewis' Blackstone's
Commentaries 43, as follows:

"Rent is regularly due and payable upon the land
from whence it issues, if no particular place is men-
tioned in the reservation: but in case of the king, the
payment must be either to his officers at the exchequer,
or to his receiver in the country. And strictly the rent
is demandable and payable before the time of sunset
of the day whereon it is reserved; though perhaps not
absolutely due till midnight."

The case cited by Justice Mitchell is McCormick v.
Connell, 6 S. & R. 151, in which Justice Duncan in
1820 said:

"All conditions, on the nonperformance of which,
vested estates of freehold are to be divested, and the
grantor reinstated, are to be construed with the great-
est strictness. The law, where it requires any acts,
forms, or ceremonies to be performed by the grantor,
to take advantage of such conditions broken, and exact
the forfeiture, requires an absolute performance. They
are considered with the same rigor that conditions
precedent to the vesting of an estate are. Where there
is a condition of reëntry on nonpayment of rent, sev-
eral things are required by the common law, to be pre-
viously done, to entitle the reversioner to re-enter.
There must be a demand of the precise rent due, on the
very day on which it becomes due, on the most notori-
ous place on the land, and a demand must in fact be
made on the land, although there should be no person
on the land ready to pay it."

He recites that there is a statute of 4 Geo. II, ch. 28,
sec. 2, 6 Eng. Stat. at L. 67, in England changing the
rule, but that said statute does not extend to Pennsyl-
vania. And then he makes this significant observa-
tion (p. 153):

"Until these be changed by the Legislature, and provisions made to remedy this inconvenience, which has been experienced by all who hold ground rents, they must remain rules of property which Courts cannot disregard or overrule."

The other case citing these requisites is Stoever v. The Lessee of Whitman, 6 Binney 416. In this case, as in the former one cited, the tenant held the title in fee subject to certain payments to the proprietors, and provided if these payments were left in default for a period of 30 days the grantors might reënter and thereafter hold the property in their first and former estate. There being no proof of demand for the rent upon the premises, the judgment was reversed.

We can readily see the necessity for the greatest strictness in construing covenants, where a fee is sought to be stricken down by a breach thereof. It seems to us to be a hardship upon the landlord to have to go upon the land and observe strictly the common-law requirements. Counsel for plaintiff says that Wheeling v. Phillips, supra, and Stone et al. v. Marshall Oil Co. et al., 188 Pa. 602, are in conflict with Rea v. Eagle Transfer Co., supra, and irreconcilable in that they hold in effect that the landlord, to exercise the election to declare the lease void and forfeit the term, is required only to do some overt act indicating his intention. We see no conflict between these authorities. The question raised in the case at bar was not raised in either of those cases and that language is dictum. Counsel for plaintiff also says that there is a distinction between the requirements under the Act of 1863 before a justice in respect to the forfeiture for nonpayment of rent and those in ejectment for the same reason. But this is answered in Koontz v. Hammond, 62 Pa. 177, 182, wherein the court said:

"It was competent, however, for the tenant, before the justice or in court on the appeal, to set up any defence of which a tenant can avail himself in an ejectment by his lessor."

We find the decision in Rea v. Eagle Transfer Co. referred to by our Superior Court in Singer v. Sheriff, 28 Pa. Superior Ct. 305, which seems to indicate that at that time there had been no deviation from the rule that, in order to declare a forfeiture for nonpayment of rent, demand must be made upon the land or if designated in the lease at a place thus designated.

The Act of December 14, 1863, P. L. (1864) 1125, 68 PS §364, was an act calculated to give the justice jurisdiction in cases where the term had ended and the tenant had refused to vacate. And the elements necessary for the justice to find were: (*a*) That the lessor was quietly and peaceably possessed of the lands; (*b*) that he demised the same to the tenant in possession or some other person under whom such tenant claims; (*c*) that the term for which the same were demised was fully ended; and (*d*) that three months' previous notice had been given of his desire to repossess the same. How could the justice determine that the term was fully ended? It had not expired of its own limitation, and therefore the justice must find that it had expired because the landlord had declared a forfeiture. For what reason? For failure to pay the rent in accordance with the provisions of the lease. Therefore, however we may reason we are constantly brought back to the point that the term is forfeited and comes to an end because of nonpayment of rent.

We have sought every authority and employed time and thought in the hope of explaining Rea v. Eagle Transfer Co., supra. Counsel have been industrious and helpful but in that case we have exactly the same situation that we have here. That is, there was a provision in that lease that if any of the rent remained unpaid the landlord at his option could then consider the lessee as a tenant at will and repossess the premises, using so much force as necessary to that end. Ejectment was brought after 10 days' notice and Mr. Justice Mitchell stated (p. 275): "The action is ejectment to

terminate a lease for nonpayment of rent, and no place of payment being specifically named it was incumbent on the plaintiff to show a demand on the land previous to the declaration of forfeiture. It is admitted that no such demand was made, and the plaintiff therefore failed in a part of his case essential to his right to recover."

While the cases cited by Justice Mitchell were those of which the justice of the peace had no jurisdiction, the tenants being owners of the fee subject to payment of a rent charge, yet he makes no distinction and states the law so clearly as it applies to this very case before us that we cannot escape the conclusion that the justice's record is fatally defective in that it does not show that a demand was made upon the premises before the forfeiture was declared.

Accordingly we reverse the judgment for the reason that the record does not show that the landlord in exercising his option to bring the term to a close, because of nonpayment of the rent for a period of 30 days, did go upon the premises of the tenant and demand the payment thereof. To which counsel for plaintiff excepts and at his request a bill is sealed.