## Detwiler *versus* Cox *et al.*

1. A lease was for a fixed rent in money, and at the additional rate of $30 for each $500 of improvements put on the premises by the lessor. *Held*, that the $30 additional rent could be distrained for.

2. Although the payment was equal to the interest of $500, yet being named as rent it was distrainable, the $30 being the measure fixed by the lease.

February 2d 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 251, to January Term 1872.

This was a replevin issued April 24th 1871, by Jacob Detwiler against William K. Cox and George W. Dungan, for certain goods distrained for rent on premises leased by Cox to the plaintiff. On the 23d of May 1871, the defendants made cognisance and avowed, —Dungan as bailiff and Cox as landlord,—that the plaintiff held a dwelling-house as the tenant of Cox under a lease reserving a rent of $1200 per annum, payable monthly, and under this further reservation in article 8th of the lease, viz.:—

"If the said William K. Cox shall, during the term hereby granted, add to the said premises permanent improvements or betterments, to the cost of five hundred dollars or more, in that case the said Jacob Detwiler shall and will pay to the said William K. Cox, his heirs or assigns, rent in addition to the rent above reserved, at the rate of thirty dollars per annum for every sum of five hundred dollars, or fractional part thereof, that shall be expended in such permanent improvements or betterments."

Cox had during the time expended in permanent improvements and betterments the sum of $4000, which increased the annual rent to $1440, or $120 per month. $140 of the rent remained unpaid at the close of the year on the 31st of March 1871, and the goods were ·distrained on the demised premises for the rent so due and in arrear.

The cause was tried November 17th 1871, before Lynd, J. The only question raised there was, "whether distress will lie for the collection of the sums becoming due to the lessor, under the provisions of the 8th article of the lease."

The court directed the jury to find for the defendants for the amount claimed in the avowry, subject to the opinion of the court in banc on the above question which was reserved.

The jury found "for defendants' arrears of rent $145.32 with interest, &c.," and the court in banc afterwards entered judgment on the verdict, on the reserved question for the defendant.

The plaintiff removed the record to the Supreme Court and assigned the entering of the judgment for error.

[Detwiler v. Cox.]

*W. L. Hirst*, for plaintiff in error, cited Miners' Bank v. Heilner, 11 Wright 452 ; McGee v. Fessler, 1 Barr 126 ; 2 Bl. Com. 41 ; Gilbert on Rent 18 ; Foquet v. Moore, 7 Exch. 870 ; Donellan v. Read, 3 B. & Ad. 899 ; Hoby v. Roebuck, 7 Taunt. 157 ; Parker v. Harris, 4 Modern 79.

*J. B. Cox*, for defendants in error, cited Roulston v. Clarke, 2 H. Bl. Rep. 563 ; Daniel v. Gracie, 6 Q. B. 145 ; Brewster v. Kitchell, 1 Salkeld 198 ; Bradbury v. Wright, 2 Douglas 602 ; Payne v. Burridge, 12 M. & W. 727 ; Sandwith v. Desilver, 1 Browne 221 ; Peart v. Phipps, 4 Yeates 386 ; Irwin v. Bank U. S., 1 Barr 349 ; Fry v. Jones, 2 Rawle 11 ; Rinehart v. Olwine, 5 W. & S. 157 ; Wells v. Hornish, 3 Penn. R. 31.

Judgment on the writ of error was entered in the Supreme Court, February 9th 1874.

PER CURIAM.—The terms of the reserved question admit the making of the improvements and betterments claimed in the defendants' avowry, leaving the single point whether the additional rent reserved therefrom in the 8th clause of the lease, is a distrainable rent. We can see no good reason why it is not rent. It is reserved as rent, issues out of the premises, is payable in addition to the other rent, and is a fixed annual sum. It is not interest, though the rate of interest was evidently the measure of the rent in the minds of the parties, yet this measure even was not applied, but a measure fixed by the contract of lease itself, to cost $30 per annum, for every $500 worth of improvements added to the premises. *Id certum est quod certum reddi potest.* As the case comes up no question of notice or demand arises. The simple point is, the improvements being added, their value determined, is the sum reserved a rent. Thinking it is, the judgment is affirmed.