# T. M. LATIMER v. E. GROETZINGER ET AL.

APPEALS BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 1 OF ALLEGHENY COUNTY.

Argued November 4, 1890—Decided January 5, 1891.
[To be reported.]

(*a*) In a lease at a certain rental payable monthly, the lessees covenanted
that during the term they would not engage in a certain business on the
premises, "under a penalty of $10,000, to be paid . . . . . in the nature
of rent, in addition to the amount above mentioned, in equal monthly
instalments at times of payment of the rent aforesaid:"

1. The covenant not to engage in the prohibited business, was a mere
personal covenant on the part of the lessees; and that to pay the pen-
alty, was an engagement to pay, not for the use of the demised prem-
ises, but for the violation by the lessees of their said personal covenant.

2. The right of distress is incident only to that which is strictly rent; it
cannot be implied as to that which is not rent. There being no express
stipulation for the right to distrain for the penalty, when payable, the
right could not be exercised by the landlord to enforce its payment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 158 October Term 1890, Sup. Ct.; court below, No. 629
June Term 1889, C. P. No. 1.

On May 8, 1889, T. M. Latimer brought replevin against
Edward Groetzinger and Wm. Billings, for a lot of merchan-
dise of the value of $2,500, alleged to have been illegally levied
upon under a landlord's warrant issued by Groetzinger to Bil-
lings, as bailiff; goods delivered to plaintiff. The defendants
filed an avowry for arrears of rent due; replication, and issue.

At the trial on February 24, 1890, the plaintiff put in evi-
dence the pleadings, as admitting the seizure of the goods de-
scribed in the writ and the plaintiff's ownership of them, and
rested. It was then made to appear that on May 25, 1887,
Edward Groetzinger executed a lease of the premises, upon
which the goods in dispute were situate when seized, to wit,
Nos. 138, 140, Federal street, Allegheny, to T. E. Marshall and
J. R. Anderson, with the following provisions:

### Statement of Facts.

" Witness, That the said party of the first part doth hereby lease and let unto the said parties of the second part, from the first day of April, 1888, for and during the term of twenty-four months, for the monthly rent of four hundred and sixteen and $\frac{67}{100}$ ($416.67) dollars, lawful money of the United States, payable monthly in advance, . . . . . the following described premises in the condition the same may be at the date of this lease, viz : . . . . .

" The said second parties, for themselves and their heirs and assigns, and for value received, do hereby agree with the said first party, that they the said second parties, for themselves, their heirs and assigns, will not engage in the retail or wholesale business of bargaining for, buying and selling carpets and oil-cloths, in any manner, shape, or form, or in any way whatever, upon the above-described premises, for and during the term of twenty-four months aforesaid, under the penalty of $10,000, to be paid by the said lessees, or their assigns, in the nature of rent, in addition to the amount above mentioned, in equal monthly instalments at the times of payment of the rent aforesaid, computing from April 1, 1888.

" And the said parties of the second part covenant and agree to pay the rent aforesaid, at the days and times hereinbefore limited and appointed for the payment thereof; that they will not re-let or sub-let the premises, or any part thereof, or assign this lease, without the written consent of the said party of the first part, under the penalty of $10,000, to be paid by the said lessees and their sub-tenant in the nature of rent, in addition to the amount above mentioned, in equal monthly in advance instalments, at the times of payment of the rent hereinbefore reserved, computing from the date of sub-letting ; . . . . .

" It is agreed between the parties hereto, that should the aforesaid rent, or any part thereof, remain unpaid, after the same shall be due and payable, the said party of the first part may, at his option, then consider the said lessees as tenants at will, and may, after fifteen days' notice in writing, left upon the premises, re-enter and re-possess himself of the said premises, using such and so much force as is necessary to that end. And should the lessees at any time permit the said rent to be in arrears and unpaid, then the said lessees, for themselves and their heirs, executors and administrators, waive the benefit . . . . . ;

and that the said party of the first part may enter, levy and distrain for the rent so in arrear, and that the said entry, levy, distress and sale, with all its incidents, shall be governed and regulated by the laws, usages and customs of Pennsylvania, as they were used and approved before the passage of the act of assembly." . . . . .

It was made to appear, further, that, Marshall having assigned to Anderson, judgments were entered against the latter and executions issued, whereon, on April 5, 1889, the goods upon the demised premises, including the leasehold, were sold at sheriff's sale to T. M. Latimer, the plaintiff in this suit; that on May 2, 1889, Latimer, being then engaged selling carpets and oil-cloths upon the premises, was notified by Groetzinger, the landlord, that he would be required to pay rent at the rate of $1,250 per month, in accordance with the provisions of the foregoing lease; that Latimer refused and, on May 4, 1889, Groetzinger delivered a landlord's warrant to Billings, as bailiff, authorizing him to levy upon the goods of Latimer, as assignee of the lease to Marshall and Anderson, for $2,500, rent in arrear for the months of April and May. Hence this suit.

At the close of the testimony, the court, STOWE, P. J., instructed the jury to find " for the plaintiff, with six cents damages and costs." The jury returned a verdict as instructed. A rule for a new trial having been discharged and judgment entered, the defendants took this appeal, assigning the instruction to find for the plaintiff for error.

*Mr. C. S. Fetterman* and *Mr. D. T. Watson*, for the appellants:

1. He who buys a leasehold estate at sheriff's sale takes the benefits as well as the burdens; the advantages, as well as the accompanying disadvantages: Simons v. Van Ingen, 86 Pa. 330. The privilege of occupying the demised premises, is subject to the conditions of the demise: Cooper v. Lowenstein, 37 N. J. Eq. 305; Mundorff v. Wickersham, 63 Pa. 89. In Detwiler v. Cox, 75 Pa. 200, it was held that, on a lease at a fixed rent in money, and at the additional rate of $30 for each $500 improvements of the premises by the lessor, the $30 additional could be distrained for, being the measure of payment fixed by the lease. And see Miller v. Rankin, 10 Cent. R.

Opinion of the Court.

322; Wood on L. & T., 1306; Jackson and Gross, L. & T., § 1163; Taylor on L. & T., § 561.

2. Where a term of years is sold by a sheriff under an execution, the sale operates as an assignment at law, and a purchaser at such sale takes the estate liable to such covenants of the lessee as may have attached to the property demised; and, as he assumes these liabilities of the lessee, he likewise takes all the interest of the assignor in the thing assigned, whether in possession or in expectancy. Thus, a covenant to insure, in the lease, was not merely personal and collateral, but became annexed to the premises demised: Simons v. Van Ingen, 86 Pa. 330. And see, Buckley v. Taylor, 2 Term R. 600.

*Mr. John S. Ferguson* and *Mr. Thos. M. Marshall* (with them *Mr. Thos. M. Marshall, Jr.*, and *Mr. A. M. Imbrie*), for the appellee:

Rent is a certain profit issuing yearly out of lands and tenements. It is the compensation to the proprietor of land for the right to occupy the land and enjoy its annual profits: Bingham on Real Estate, 557. And, where the relation of landlord and tenant does not exist, the compensation for the use of land cannot be called rent: Moulton v. Robinson, 27 N. H. 550. Manifestly, the conditional covenant to pay $10,000 was not a covenant to pay for the occupancy of the land. In terms, it was a covenant not to use the land for certain purposes, and to pay damages for its breach.

OPINION, MR. JUSTICE GREEN:

The only question before us, in this case, is whether a right of distress for the whole $2,500 existed in the defendant Groetzinger, at the time of the issue and service of the landlord's warrant. It was under this warrant that the goods of the plaintiff were seized, and if this was done without authority of law, the plaintiff was entitled to a verdict by direction of the court below. The record does not raise the question whether Groetzinger would be entitled to maintain an action for breach of the covenant contained in the articles of agreement between himself, and Marshall and Anderson, against engaging in the business of buying and selling carpets and oil-cloths, and hence that question is not to be considered. The argument for the

appellants does and must rest upon the proposition that a right of distress in Groetzinger arises from the articles of agreement made by him with Marshall and Anderson. If it cannot be found there, it has no existence.

The first clause of the articles is a lease by Groetzinger to Marshall and Anderson of the premises described, for twenty-four months from April 1, 1888, "for the monthly rent of" $416.67, payable monthly in advance "until the whole amount of said rent is paid." Then follows another clause upon which the claim to the right of distress in question is founded, in these words:

"The said second parties, for themselves and their heirs and assigns, and for value received, do hereby agree with the said first party, that they the said second parties, for themselves, their heirs and assigns, will not engage in the retail or whole-sale business of bargaining for, buying and selling carpets and oil-cloths, in any manner, shape, or form, or in any manner whatever, upon the above-described premises, for and during the term of twenty-four months aforesaid, under the penalty of $10,000, to be paid by the said lessees, or their assigns, in the nature of rent, in addition to the amount above mentioned, in equal monthly instalments at the times of payment of the rent aforesaid, computing from April 1, 1888."

It will be observed that thus far the agreement provides that the premises are leased to the lessees for a monthly rent of $416.67, payable in advance; and if the lessees engage in the business of buying and selling carpets and oil-cloths on the premises, they are also to pay a "penalty" of $10,000, in addition to the amount already mentioned, "in the nature of rent," and in equal monthly instalments at the times the "rent aforesaid" is paid. Undoubtedly the covenant not to engage in the carpet and oil-cloth business, and, if it be violated, to pay a "penalty" of $10,000, is a mere personal covenant of the lessees. The penalty is to be paid, not for the use of the premises, but as a punishment for the breach of the covenant not to carry on a certain business on the premises, and it is to be paid "in addition" to the amount of the rent previously named; that is, a certain fixed "rent," by name as such, is to be paid for the use of the premises, and then, if a certain business is carried on, there is to be paid, in addition to the rent, a fixed

Opinion of the Court.

"penalty" of $10,000. The one sum, $416.67 monthly, is to be paid as rent of the premises, and another sum, of $10,000, is to be paid as the penalty for violating a personal covenant. The distinction in the character of the two sums to be paid is so very plain that further discussion of that subject seems to be unnecessary. For the sum that is "rent," a distress would lie, if there is no other difficulty in the way, but for the sum that is penalty for breach of a personal covenant, it needs only to be said, there is no remedy by distress.

But it is argued that the penalty is to be paid "in the nature of rent," and therefore it is to have all the qualities and incidents of rent. If it is in the nature of rent, or to be paid in the nature of rent, and yet, in fact, is not rent, it cannot have the incident of distress, because that incident pertains only to that which, in strict legal contemplation, is rent. So far as this clause of the lease is concerned, there is no stipulation for a right to distrain, and the right cannot follow by mere implication, when the money to be paid is in reality only a penalty for the violation of a personal covenant. But the last sentence of this clause preserves the distinction between the penalty and the rent, when it provides that the penalty shall be paid, "in equal monthly instalments at the times of payment of the rent aforesaid, computing from April 1, 1888." Now, "the rent aforesaid" is the sum of $416.67 to be paid monthly in advance, and is in fact the only "rent" which is to be paid for the use of the premises. When, therefore, the agreement expressly designates the "rent aforesaid" as a different subject-matter from the penalty, it cannot be regarded as treating them in an identical sense.

In the last clause of the agreement a right of distress is reserved, in these words: "And should the lessees at any time permit the said rent to be in arrears and unpaid, then the said lessees, for themselves and their heirs, executors, and administrators, waive the benefit," etc., "and that the said party of the first part may enter, levy, and distrain for the rent so in arrear; and that the said entry, levy, distress and sale, with all its incidents, shall be governed and regulated by the laws, usages, and customs of Pennsylvania," etc. It must be noticed that this part of the clause is only operative when "the said rent" is in arrears and unpaid, and the right to distrain

Statement of Facts.

is limited to the "rent so in arrear." There is nothing in the clause that reserves a right to distrain for the "penalty," or any part of it, but it is expressly limited to the "rent." So important and exceptional a right as the right of distress cannot be given by way of implication, and if it could, there is nothing in this lease upon which to found such an implication. On the contrary, the distinction between that which is rent, and that which is penalty, is preserved throughout the agreement, and they are not confounded together in any instance. The assignments of error are all dismissed.

Judgment affirmed.

Argued November 4, 1890—Decided January 5, 1891.