## Evans, Trustee, v. Lincoln Company, Appellant.

*Landlord and tenant—Agreement to reduce rent—Re-letting—Bankruptcy.*

In bankruptcy proceedings against a tenant, where the landlord claims full rental under his lease, it may be shown that the landlord had agreed to reduce the rent, had accepted several installments at the reduced rate, and had been moved to make the reduction by considerations advantageous to himself. In such proceedings the landlord's claim must be reduced by the amount which he received from reletting the premises.

*Landlord and tenant—Distress—For what distress is a remedy.*

Covenants that relate to the use of the premises, but not to the payment to the lessor for the use, do not give the right to distrain. Standing alone a covenant to pay water rent is a covenant to pay to the party entitled, and it cannot be enforced by distress.

Argued Oct. 29, 1902. Appeal, No. 79, Oct. T., 1902, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1900, No. 198, on verdict for plaintiff in case of William D. Evans, Trustee in Bankruptcy for Jesse Miller Lee, Bankrupt, v. The Lincoln Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before SHAFER, J.

At the trial it appeared that the defendant was the former landlord of Jesse Miller Lee, the bankrupt, and that it had bought from the receiver in bankruptcy the goods of the lessee. The leased premises had been used as a hotel. Other facts appear by the opinion of the Supreme Court.

Defendant presented these points:

1. That under the pleadings and evidence, the verdict must be for the defendant. *Answer :* Refused. [3]

2. That taking the plaintiff's own case, the defendant is entitled to a credit on the purchase price of the furniture, etc., of the sum of $1,470.13, with interest from January 1, 1899, to June 1, 1899, the further sum of $1,800, for unpaid rent notes, and the rent for the months of January, February, March, April, May, June, July and August of 1899, at $2,083.33⅓ a month. *Answer:* Refused. [4]

3. That the defendant is further entitled to a credit of $2,999.99, water rent paid. *Answer :* Refused. [5]

Verdict and judgment for plaintiff for $2,056.91.    Defendant appealed.

*Errors assigned* among others were (3–5) above instructions, quoting them.

*W. B. Adair*, with him *William M. Hall, Jr.*, for appellant.— An agreement to accept less than the amount due is a mere nudum pactum, at least until the less amount is fully paid and accepted : Rice v. Morris, 4 Whart. 249; McCalla v. Ely, 64 Pa. 254; Keen v. Vaughan, 48 Pa. 477; Hartman v. Danner, 74 Pa. 36 ; Dreifus v. Columbian Exposition Salvage Co., 194 Pa. 475; Hosler v. Hursh, 151 Pa. 415 ; Spruneberger v. Dentler, 4 Watts, 126 ; Taylor v. Winters, 6 Phila. 126.

A landlord's right to distrain for rent includes payments agreed in the lease to be made by the tenant for gas used on the premises : Fernwood Masonic Hall Assn. v. Jones, 102 Pa. 307.

*Edward B. Vaill*, with him *E. Y. Breck*, for appellee.—Where at the time, for the performance of a contract by one party, both agree to a postponement, the new contract is as valid as the old, and the mutual promises, the one to deliver and the other to accept and pay, are ample consideration which sustain the new contract: McNish v. Reynolds, Lamberton & Co., 95 Pa. 483; Carrier & Baum v. Dilworth, 59 Pa. 406 ; Goss v. Lord Nugent, 5 B. & Ald. 58; Wilgus v. Whitehead, 89 Pa. 131 ; Dearborn v. Cross, 7 Cowen, 48.

In the distribution of the fund arising from the sale of the leasehold and the personal property of the defendant's store, the landlord is entitled to the amount of rent which was payable at the time the levy was made.    He is not entitled to be paid the water rent which has become due, and which the lease provides the tenant should pay, but which the landlord has paid for him : Lewin & Co. v. Acheson, 30 Pitts. L. J. N. S. 215; Latimer v. Groetzinger, 139 Pa. 207 ; Binns v. Hudson, 5 Binney, 505 ; Case v. Davis, 15 Pa. 80.

OPINION BY MR. JUSTICE FELL, January 5, 1903 :

The issue was to determine the amount of a landlord's pre-

ferred claim for rent against the proceeds of goods sold by the receiver in bankruptcy of the tenant. The defendant, the Lincoln Company, was the lessor, and purchased the goods from the trustee in bankruptcy under an agreement that it should be credited with the amount of its preferred claim for rent, and should be required to pay only the difference between it and the price of the goods. At the trial there were three questions raised touching the amount of rent due : (1) whether an agreement to reduce the rent made during the term was binding on the lessor; (2) whether from the claim for rent there should be deducted the amount received from reletting by the landlord for the remainder of the term; (3) whether the amount of the water rent, payable under the lease by the tenant but not paid by him, should be included in the landlord's preferred claim.

The property leased was a large and entirely new hotel in Pittsburg. The rent reserved was $31,000 for the first year, and this was to be increased yearly until it reached $35,000. Soon after the lease went into operation, the tenant found he could not conduct the hotel successfully as a first-class hotel and pay the rent; he so informed the directors of the defendant company, and asked that the rent be reduced. They requested permission to place their own bookkeeper in charge, that they might ascertain what business was being done and be better able to act intelligently on his application. To this he assented. After a full investigation had been made, a meeting of the board was held and a resolution passed reducing the rent to $25,000 per annum for two years, " on condition of prompt payment of the rental and proper conduct of the hotel." The tenant testified that the resolution was not shown nor read to him, but that he was told that they had acted upon his application and reduced the rent to $25,000, and .that they wanted him to " go ahead and run the hotel as a strictly first-class hotel and keep it up." The jury found this was the only communication made to him, and that he was not informed of the condition as to prompt payment, and that he complied with the condition that was named. Under the new arrangement rent was paid until the latter half of the second year, when after a distraint made, the tenant went into bankruptcy. The tenant was not required by the lease to conduct the hotel in any particular manner, but was at liberty to conduct it in a way most advantageous to him-

self.   The owners were interested in having it conducted as a first-class hotel, for which purpose it was intended, and for which, because of its size, situation, and appointments, it was peculiarly adapted.   It can scarcely be maintained that an agreement to continue and conduct a business in a manner that would best advance the pecuniary interest of the owner of the property, when the tenant was at liberty to consult his own interest, was without consideration.   But be this as it may, the agreement was an executed one, as payments were made and received on the basis of a reduction of the rent for twenty months and until the tenant went into bankruptcy.

Rent was claimed for a part of the unexpired term after the owner had come into possession, and leased to another tenant. It was held that from the total claim for rent, which included rent for this period of time, there should be deducted rent received from the reletting.   In this there was no error, as otherwise there would have been an allowance by way of set-off against the claim sued for of double rent for this period and of more than one year's rent.

The agreement for the payment of the water rent is in the following clause of the lease: " The parties of the second part covenant and agree to pay the rent aforesaid at the days and times hitherto limited and appointed for the payment thereof, that they will not rerent or sublet the premises, or any part thereof, except the barber-shop, news-stand, and cigar-stand, or assign this lease without the written consent of the party of the first part under penalty of two thousand dollars ($2,000) per month during the whole of said term, to be added to the above stipulated rent and to be paid on the first of each and every month ; and that they will not use or occupy the premises for any purpose, business or use except as a hotel, nor for any business deemed extra hazardous on account of fire ; and that they will at their own expense keep the vaults, outhouses, cellars, yards, and all of said premises clean according to the regulations of the board of health ; and that they will pay for any gas used on said premises and all water taxes assessed thereon ; that they will make all necessary repairs on said premises at their own proper cost and charges without abatement of said rent." This clause is preceded by the clauses fixing the amount of the rent and the times when it is payable, and is followed by

a stipulation that if any part of the rent is unpaid the whole of the rent for the coming year shall become due, and may be distrained for, or the landlord at its option may terminate the lease. There is no stipulation that the water rent shall be considered as a part of the rent, and that failure to pay it shall make the goods liable to distress therefor.

Distress is a remedy that can be employed only for the recovery of what is properly rent and is reserved as such. It may be sustained where the sum originally stipulated for has been increased by agreement, as in Brisben v. Wilson, 60 Pa. 452, where the tenant agreed to pay the additional sum in consideration of the landlord's acceptance of the surrender of the lease; or where the lease provides for an increase if improvements are made to the property demised, as in Detwiler v. Cox, 75 Pa. 200; or where the lessee agrees to pay a fixed sum for gas furnished by the landlord and used on the premises, as in Fernwood Masonic Hall Assn. v. Jones, 102 Pa. 307. In these cases the additional payments were to be made to the lessor as rent, and were certain in amount or certain in the sense that they could be made certain. Id certum est quod certum reddi potest. But covenants that relate to the use of the premises, but not to the payment to the lessor for the use, do not give the right to distrain. In Latimer v. Groetzinger, 139 Pa. 207, it was held that a covenant not to engage in another business on the premises under penalty to be paid in the nature of rent in monthly installments was a mere personal covenant for the payment, not of rent but of a penalty, and that the incident of distress did not attach to it. Fernwood Masonic Hall Assn. v. Jones, supra, relied on by the appellant, is not an authority in his favor. In that case the gas to be paid for by the tenant was manufactured on the premises and furnished by the lessor, and the payment was to be made to him. This appears in the report of the case and more fully in the paperbooks. We do not decide that the rent might not be reserved in such a manner as to include the water rent and give the right to distrain for it. But in this case there was no such stipulation. Standing alone a covenant to pay water rent is a covenant to pay to the party entitled, in this case the municipality, and it cannot be enforced by distress.

The judgment is affirmed.