McCANN v. EVANS.

(Circuit Court of Appeals, Third Circuit. February 11, 1911.)

No. 1,435 (65).

1. LANDLORD AND TENANT (§§ 245, 265*)—DISTRAINT FOR RENT—LIEN—SUMS INCLUDED—PENNSYLVANIA LAW.

Under the Pennsylvania law sums capable of being made definite and chargeable on demised premises, by way of taxes, gas and water rates, or for improvements and betterments, may be made a part of the rent by the lease, and when so made may be distrained for by the landlord, and are also covered by the landlord's lien.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 988–990, 1067; Dec. Dig. §§ 245, 265.*]

2. BANKRUPTCY (§ 318*)—CLAIMS PROVABLE—CONSTRUCTION OF LEASE—TAXES.

A lease provided that for the first two years and six months the annual rent should be $8,500 and the taxes. It was also agreed that in consideration of the lessee's obtaining the premises at that sum they would pay $10,000 as a bonus; "this $10,000 to be paid within four months of the signing of this lease, all taxes during two half years." The lease then reserved for each remaining period of three years an increasing annual rent until the fifth period, for which it was provided that the annual rent should be $45,000 a year, payable in advance on the 1st day of each month, and for the further rent of all sum or sums which should be legally assessed on or be chargeable to the premises during the term for taxes and the use of gas, water, and for premiums of insurance against fire. Held, that the lease thereby expressed an intention to reserve the taxes assessed on the property as part of the rent, in addition to the annual sum of $8,500 reserved as rent for the first period of "two and a half years," so that, on the lessee's assignee becoming bankrupt, the landlord was entitled to the allowance of a claim for the whole amount of the rent due, including taxes, as a secured claim.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 318.*]

Appeal from the District Court of the United States for the Western District of Pennsylvania.

Action by Frank McCann against Henry O. Evans, trustee in bankruptcy of the Boston Store. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wallace & Watson, for appellant.
George H. Rankin, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

GRAY, Circuit Judge. The Boston Store, the bankrupt, came into possession of certain premises occupied as a department store in the city of Pittsburg, under the terms of a lease made to its predecessor by the appellant, Frank McCann, and with the consent of the said lessor.

Frank McCann, the landlord, issued a landlord's warrant against the Boston Store January 7, 1908, for rental in arrears, including the amount of taxes payable as rent. On January 15, 1908, the petition in bankruptcy in this case was filed, the levy being still in force. Frank McCann proved his claim for the full amount of rent due, claiming priority, and it was allowed in full by the referee, with the exception that $4,248.77, being the amount of three-fourths of the taxes assessed for the year 1907, was reduced to the status of an unsecured claim. The only reason assigned by the referee for not allowing this amount as part of the rental is his finding that, under the terms of the lease, it was not reserved as rental. Appellant then filed a petition of review to the District Court and an order was entered by that court sustaining the finding of the referee. It is from this order that the appeal is taken.

The principal, if not the sole, question for our determination is, as stated in the brief of appellee, whether, under the terms of the lease made by a former tenant for part of the store building occupied by the bankrupt corporation, the taxes were reserved as rent, payable to the owner of the premises, for which he is entitled to priority of payment over general creditors. The lease to be interpreted was made on the 1st of March, 1905, between Frank McCann, the appellant, as lessor, and a certain corporation of the state of Pennsylvania as lessee (predecessor in possession of the bankrupt). The premises described in the lease were demised for a term of 18 years from the 1st of April, 1905, to the 1st of April, 1923, the language with which we are here concerned being as follows:

"For the first two years and six months (2 yrs. 6 mos.) the annual rental will be eight thousand five hundred dollars ($8,500) and the taxes thereon for the same period.

"It is further agreed by the lessee for and in consideration of securing their premises at the nominal rent of eight thousand five hundred dollars ($8,500) that they will pay ten thousand dollars ($10,000) of a bonus. This ten thousand dollars ($10,000) to be paid within four months (4 mos.) of the signing of this lease, all taxes during two half years."

The lease then reserves for each remaining period of three years an increasing annual rental until the last or fifth period, in which the rent was reserved as follows:

"The fifth period, five years and six months (5 yrs. 6 mos.), of this lease will be at an annual rental of forty-five thousand dollars per year ($45,000). All rents payable in advance on the first day of each month at the office of and to the said lessor or his agent in the city of Pittsburg, and for the further rent of all sum or sums which shall be legally assessed upon or become chargeable to the premises during the term for taxes and the use of gas, water and for premiums for insurance against fire."

Upon the somewhat awkward and inapt phraseology of the instrument is founded the contention of the appellee, that no definite expression of the intention of the parties can be derived therefrom. Undoubtedly the words "all taxes during two half years" (evidently meaning during two and a half years), at the close of the second paragraph above quoted, is confusing, if not insensible. Taken, however, in connection with the preceding paragraph, it is probable, to say the least, that it was inserted by the scrivener as an afterthought, lest the recital in the former part of the paragraph, that the lessee had secured · the premises at the nominal rent of $8,500, would exclude the taxes already reserved as rent in addition thereto. Conceding, however, that these words, as to taxes for two half years, are insensible and should be discarded as such, we are not, on that account, to conclude that the language elsewhere, in regard to the inclusion of taxes in the rent, is also to be discarded. The first paragraph, as above quoted, is clear and unequivocal in this respect. It stipulates that, "for the first two years and six months, the annual rental will be eight thousand five hundred dollars and the taxes thereon for the same period." The word "thereon," of course, is inartificially used, but the paragraph follows almost immediately the description of the demised premises, to which it clearly refers. Again, after the reservation of the annual rent of $45,000 during the last or fifth period of 5 years and 6 months, there is the following stipulation :

"And for the further rent of all sum or sums which shall be legally assessed upon or become chargeable to the premises during the term for taxes," etc.

It will appear from an examination of the decisions of the Supreme Court of Pennsylvania, that definite sums, or sums capable of being made definite, chargeable on the demised premises by way of taxes, or for gas and water, or for improvements and betterments and such like, will be considered as rent or included therein when the intention to so consider them is made clear in the contract between the lessor and lessee. Sums thus made part of the rent may be distrained for by the landlord and are entitled to the preference given by the laws of Pennsylvania to rent for one year over liens by execution or otherwise. Morgan's Estate, 30 Wkly. Notes Cas. (Pa.) 509; Detwiler v. Cox et al., 75 Pa. 200; Fernwood Masonic Hall Ass'n v. Jones, 102 Pa. 307; Evans v. Lincoln, 204 Pa. 448, 54 Atl. 321; Latimer v. Groetzinger et al., 139 Pa. 207, 21 Atl. 22.

In some of the cases it was held that the sums claimed as rent had not been clearly reserved as such by the contract between the parties, and the distinction is drawn between mere personal covenants on the part of the lessee to pay certain sums and a reservation of the same by the lessor as rent. In none of them, however, is it decided that the rent might not be reserved in such a manner as to include such sums as are above described.

In Evans v. Lincoln, supra, relied upon by the appellee, where the agreement for the payment of the water rent by the lessee was contained in the same clause with a large number of personal covenants and stipulations on his part, and was not referable either expressly or

by implication to the reservation of rent, or to any stipulation for the payment thereof, the Supreme Court said:

"We do not decide that the rent might not be reserved in such a manner as to include the water rent and give the right to distrain for it. But in this case there was no such stipulation."

We have no difficulty in finding in the terms of the lease above quoted a clearly expressed intention to reserve the taxes assessed on the demised property as part of the rent thereof, in addition to the annual sum of $8,500, reserved as rent during the first period of 2½ years of the lease.

So interpreting the lease, we are compelled to reverse the decree of the court below and the finding of the referee in regard to the question we have here determined, and remand the case for such proceedings as shall be conformable to this opinion.