### In re FAMILY LAUNDRY CO.

(District Court, E. D. Pennsylvania. February 9, 1912.)

#### No. 4,033.

BANKRUPTCY (§ 345*)—CLAIMS—PRIORITY—WATER TAX.

A lessee covenanted to pay bills for water rent due the city within five days after they became due. The lease further provided that such bills, if paid by the lessor, might be recovered or distrained for in the same manner as rent, and that all property on the demised premises should be liable to distress for rent. *Held* not to entitle the lessor to priority for an unpaid city water tax on the ground that it was part of the rent.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 345.*]

In Bankruptcy. In the matter of the Family Laundry Company, bankrupt. On review of order of referee refusing to allow claim as preferred. Affirmed.

Latimer P. Smith, for trustee.
John F. Gorman, for claimants.

J. B. McPHERSON, District Judge. In McCann v. Evans (C. C. A., 3d Cir.) 185 Fed. 93, 107 C. C. A. 313, the taxes upon the property leased were expressly made part of the rent, and the Court of Appeals, following the Pennsylvania cases, decided that:

"Definite sums, or sums capable of being made definite, chargeable on the demised premises by way of taxes, or for gas and water, or for improvements and betterments and such like, will be considered as rent or included therein, when the intention to so consider them is made clear in the contract between the lessor and the lessee. Sums thus made part of the rent may be distrained for by the landlord, and are entitled to the preference given by the laws of Pennsylvania to rent for one year over liens by execution or otherwise" (citing cases).

But here the situation is different. The lease now in question demises the premises—

"for the term of three years from the 1st day of April, 1909, at the monthly rent during the first year hereof of thirty-one 25/100 dollars lawful money, payable in advance, etc., and during the two years following at the monthly rent of thirty-seven 50/100 dollars, payable as hereinabove provided."

It then goes on to make the lease—

"subject to and * * * upon the following covenants, terms, and conditions."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Briefly, some of these are:

(1) The lessee is to occupy the premises as a laundry only, with certain provisions about underleasing and assigning.

(2) The lessee agrees to pay the rent punctually on the day it falls due, without demand therefor, and, in case of nonpayment of the rent when due, agrees further that the lessor may enter, distrain, and relet, etc.

(3) The lessee agrees to keep the premises in good order, with certain provisions about fire, rubbish, and refuse.

Then follows section 4:

"(4) The said lessee also agrees to pay, within five days after the same shall become due and payable, all bills for gas consumed on said premises, and all water rent in excess of the sum of $10 per annum, the present rate, during the continuance of this lease, and after that time until he shall have procured the flow of the same to be stopped by the proper authorities; and such bills, if paid by the lessor, may be recovered or distrained for in the same manner (as provided in section 5 of this lease) as rent."

Section 5 provides:

"The said lessee also agrees that all goods and property on the demised premises and after removal shall be liable to distress for rent or unpaid gas bills or cost of repairs to the demised premises or fixtures thereof, made necessary by abuse or neglect on the part of said lessee, or cost of removing ashes, rubbish, or other matter"

—waiving the debtor's exemption and certain other rights of the lessee.

The water rent due the city of Philadelphia for 1911, $364, was payable in advance on February 1st, but the lessee did not pay it, and the petition was filed on April 13th. The lessor (not the city) is now claiming priority for this sum, and puts the claim upon the ground that it was part of the rent. But it seems to me that section 4 merely allows the lessor to distrain for the water rent after he shall have paid it, and as he had not paid it when the petition was filed—and I believe has not paid it yet—it is obvious that he has never been in a situation to exercise that privilege. Although he might have reimbursed himself by distraint, this of itself is not decisive. I think the two covenants are separate and independent; but, at the best, it is certainly not clear that the contract intended to make the water tax part of the rent. A mere agreement that the landlord may use a certain remedy does not convert a covenant to pay a gas bill or a water bill into a covenant to pay rent. After the landlord pays, he may distrain "in the same manner as rent"—and this shows I think that the rent was one thing, and the water tax was another. In my opinion the case is ruled in effect by Evans v. Lincoln Co., 204 Pa. 448, 54 Atl. 321.

The order of the referee is affirmed.