### In re BRAUS.

(District Court, S. D. New York. June 14, 1916.)

1. BANKRUPTCY ⬤�613350—LIEN—LANDLORD'S LIEN.

Under Landlord and Tenant Act N. J. (3 Comp. St. 1910, p. 3066) § 4, declaring that no chattels lying upon the leased premises shall be liable to be taken by any process unless before removal the accrued rent shall be paid, and giving the landlord the right to distrain the goods of the tenant on the demised premises for rent, and Bankr. Act July 1, 1898, c. 541, § 64b, subd. 5, 30 Stat. 563 (Comp. St. 1913, § 9648), allowing priority

⬤�613For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to debts due and owing to any person who by the laws of the states or the United States is, entitled to priority, a New Jersey landlord, though he had not perfected his lien by distraint of the goods on the demised premises, retains a priority after bankruptcy which can be asserted subject to the payment of the costs of the proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ☞350.]

2. **BANKRUPTCY ☞350—PROCEEDINGS—ANCILLARY PROCEEDINGS—COSTS.**

In bankruptcy instituted in New York, which was the domicile of the bankrupt, ancillary proceedings were had in New Jersey, where goods of the bankrupt were located on demised premises. These, not having been distrained by the New Jersey landlord, were sold; but, after payment of the costs of the ancillary proceedings, the amount remaining was insufficient to satisfy the claim of the New Jersey landlord, who had priority. *Held* that, as there was only one bankruptcy proceeding, the general assets were liable for all the costs of the principal and ancillary proceedings, the New Jersey assets being subject only to the payment of cost in an amount proportional to the value which those assets might bear to the general assets; hence, though for convenience the whole cost of the New Jersey administration was deducted from the assets taken from the demised premises, the landlord, who had not perfected a lien on the goods on the demised premises, may, where a greater percentage of the costs was satisfied out of the New Jersey assets than they were liable for, assert his priority against the general assets.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ☞350.]

In Bankruptcy. In the matter of the bankruptcy of Arthur L. Braus. From an order of the referee, who allowed a claim of rent of New Jersey premises as a prior claim against the balance of New Jersey assets, but disallowed any further preferential payment of the claim, the claimant appeals. Order modified.

Cohen & Cohen, of New York City (Carl Saenger, of Newark, N. J., of counsel), for claimant.

Myers & Goldsmith, of New York City, for trustee.

AUGUSTUS N. HAND, District Judge. This is an appeal from the referee, who allowed a claim of rent of New Jersey premises as a prior claim against the balance of New Jersey assets turned over by the receiver in that jurisdiction to the New York estate, but disallowed any further preferential payment of the claim.

[1, 2] The New Jersey Landlord and Tenant Act (3 Comp. Stat. N. J. p. 3066) provides that no chattels lying upon leased premises shall be liable to be taken by any process unless before the removal the accrued rent shall be paid. The landlord is given the right to distrain the goods of the tenant on the demised premises for rent. Section 64b, subd. 5, of the Bankruptcy Act, allows priority to:

"Debts [due and] owing to any person who by the laws of the states or the United States is entitled to priority."

Section 64b, supra, furthermore states the order in which debts which have priority shall be paid, and provides in substance that the expenses of the estate shall be paid first. After the expenses of the New Jersey estate were paid out of the New Jersey assets, a suffi-

cient amount was not left to pay in full the debt owing to claimant, since that debt as allowed amounted to $471, and the net proceeds transferred by the New Jersey receiver to the trustee in New York amounted to only $292.

New York was the domicile of the bankrupt, and here the only adjudication was had. The New Jersey administration was ancillary. While that court had the power to, and did, pay the expenses of its receiver from the local assets, it held that the claim for priority asserted by this claimant should be presented to this court. Judge Sanborn in Fidelity Trust Co. v. Gaskell, 195 Fed. 865, 115 C. C. A. 527, said:

"It is * * * no longer true that one court, the court making the adjudication in bankruptcy, takes exclusive jurisdiction and alone collects and determines the titles to and liens upon the property wherever situated claimed as part of the estate of the bankrupt."

But it is still true that while the place of actual administration of assets is in bankruptcy, as it is in the case of decedents' estates, largely a matter of convenience, yet the administration, whether in the ancillary or original jurisdiction, is for the estate as a whole. Despard v. Churchill, 53 N. Y. 192. Judge Philips, in the case of In re Granite City Bank, 137 Fed. at page 822, 70 C. C. A. at page 320, said in the Court of Appeals of the Eighth Circuit:

"Under the scheme of the Bankrupt Act, the District Court of the domicile of the bankrupt takes exclusive jurisdiction of the bankrupt and his property, wherever situated, to administer it and distribute the proceeds pari passu among the creditors according to their respective rights and priorities. Only one court—the court making the adjudication—collects, marshals, administers, determines priorities of the parties, and directs the distribution of the assets."

This language perhaps pushes the argument too far, and Judge Sanborn expressed himself, in the same court, in the case of Fidelity Trust Co. v. Gaskell, above quoted, in some respects differently. Neither judge, however, would dispute, I think, that both courts are administering the assets for a single estate. That being so, when the New Jersey court in the case at bar ordered expenses paid out of the New Jersey assets, it did this because they were the only assets available to it when it desired to pay its own receiver. But the payment of these expenses was for account of the entire estate, and only for convenience came out of the New Jersey assets. The New Jersey court could have remitted the gross assets found in New Jersey to New York, and left this court to deal with the expenses of the ancillary proceeding, although that would have been an unusual practice. What I desire to emphasize, however, is that the expenses paid by the New Jersey court were, though local expenses, yet proper charges to the general estate.

Judge Haight has just held in the case of In re Spies-Alper Company, 36 Am. Bankr. Rep. 470, 231 Fed. 535, that a landlord, though a distress warrant is necessary under the New Jersey statute to perfect his lien, may yet under section 64b (5) of the Bankruptcy Act retain a right to a priority after the bankruptcy, though he has not distrained for his rent. In McCann v. Evans, 185 Fed. 93, 107 C. C. A. 313, and In re Federal Biscuit Co., 218 Fed. 753, 134 C. C. A. 431, a

statute in Pennsylvania resembling the New Jersey Landlord and Tenant Act was similarly construed by the Circuit Court of Appeals of the Third and Second Circuits, respectively.

Now, it is true, that the priority given is limited to the value of the New Jersey chattels lying on the demised premises, and such priority is made by section 64b (5) subject to payment of expenses. The expenses to which it is made subject are, however, that proportion of the total expenses of the estate of the bankrupt, wherever situated, which the value of the chattels lying upon the demised premises when the petition in bankruptcy was filed bore to the value of the gross estate. Such a method of marshaling the assets is equitable, and will not leave the priority to be determined by the mere amount of the New Jersey expenses. If the claimant had prior to bankruptcy perfected his lien by a distress warrant, he would have been able to have the chattels on the leased premises applied to his claim so far as these chattels had any value. He should be in as good a position now, subject only to his obligation to pay his share of the general expenses of the estate to which his claim is made subordinate by section 64b, supra.

If, as I suppose, there remained, after paying the proportion of the total expenses chargeable against the proceeds of the chattels upon the demised premises, a sufficient balance to pay the claimant in full, he may take an order for payment out of the assets of the general estate, and the order of the referee is modified accordingly.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes