## Thal v. Schreibman

*A. Walling Levin*, for plaintiff.

*M. B. Schreibman* and *Michael H. Gurbarg*, for defendant.

ALESSANDRONI, J., August 11, 1933.—The plaintiff brought an action to recover $1,000 from M. B. Schreibman. The statement of claim alleges that on November 17, 1932, the plaintiff entered into a written agreement to sell his business located at 14 East Main Street, Norristown, Pa., to one Jacob Lato, the agreement providing that the purchaser was to pay $1,000 to M. B. Schreibman, in escrow, and, in the event that the gross receipts of the store for November 18 and November 19, 1932, did not aggregate $900, the $1,000 was to be returned to the purchaser, otherwise, it was to be turned over to the vendor at the time of settlement, and in the event of default on the part of the purchaser to be paid to the vendor as liquidated damages. Subsequently, the receipts for November 18th and 19th were checked and totaled $1,067.60. The agreement for the sale of the business also provided that the vendor agreed to assign at the time of settlement "an existing lease or procure a new lease on the said premises at the rental of $437.50 per month having approximately 7 to 8 years to run." On November 30, 1932, the defendant notified plaintiff's attorney that settlement would not be completed, and thereupon plaintiff's attorney wrote to the purchaser insisting on settlement and averring that the

plaintiff was ready, willing, and able to complete the settlement. On the same day, plaintiff's attorney also delivered a letter to the defendant notifying him that in the event the purchaser failed to complete settlement plaintiff intended to claim the sum of $1,000 held in escrow by the defendant. Defendant thereupon informed plaintiff's attorney that the purchaser did not intend to be present at the settlement and that he had delivered the $1,000 held in escrow to the purchaser, Jacob Lato.

The affidavit of defense avers that the existing lease did not call for a rental of $437.50 per month but for a rental of $437.50 plus excess water rent, as additional rent, and as the lease provided for a rental in excess of that stipulated in the agreement the purchaser refused to make settlement. It is averred further that the plaintiff could not comply with the terms of the agreement because the lease did not provide for the rental stipulated. The affidavit of defense also avers that defendant notified plaintiff's counsel that he was returning the $1,000 because the lease that the plaintiff could deliver was not in accordance with the terms of the agreement. A supplemental affidavit of defense was filed, in which it is averred that Jacob Lato did not see the lease at the time he entered into the agreement but was informed that the lease called for a rental of $437.50 without any additional charges, and due to false representations made by the plaintiff the said Jacob Lato was induced to enter into the agreement, as the water rent amounted to $20 per month.

At trial, it appeared that when the dispute arose the defendant was requested to pay the money into court to await the outcome of the suit. This the defendant refused to do. It also appeared that authority to transfer the lease was granted the plaintiff on July 11, 1932. The sole question raised by defendant at the trial was whether the lease complied with the terms of the agreement, and the trial judge thereupon directed the jury to enter a verdict for the plaintiff.

The question raised is one of law for the court and not one of fact for the jury, as the trial judge properly ruled. The defendant seeks to excuse his action by virtue of the fact that the agreement provided for the assignment of an existing lease or the procuring of a new lease for the sum of $437.50 per month. The lease itself provides that the property is rented "at the annual rental of $6,000, payable in equal monthly instalments in advance in the sum of $500 on the 17th day of each month, the first payment to be made on the 17th day of September 1931, and in addition thereto the said lessee to pay the water rent above the minimum charge for all water consumed in or on said premises as the same falls due, which said water rent is to be charged to the said lessee the same as rent and in addition to the rental hereinbefore reserved."

On July 11, 1932, the lessor and the lessee entered into the following agreement:

"July 11, 1932.

"The undersigned do hereby agree to a reduction of the rental for premises 14 East Main Street, Norristown, Pa., commencing July 18, 1932, from Five Hundred ($500.00) Dollars to Four Hundred and Thirty-Seven Dollars and Fifty Cents ($437.50) per month, but all other terms and conditions contained in the above lease are to remain."

A fair reading and construction of the lease indicates clearly that the rental provided therein is $437.50 per month and that the lease complies with the terms of the agreement. This is rendered unquestionable by the agreement of July 11, 1932, which specifically states that the rental for the premises is reduced to $437.50 per month. The original lease provides for a rental of $500 per month which was reduced as hereinbefore indicated. Defendant, however, relies upon that phraseology of the lease which provides that in addition to the rental

stipulated the lessee is to pay all "water rent above the minimum charge for all water consumed in or on same premises as the same falls due, which said water rent is to be charged to the said lessee the same as rent and in addition to the rental hereinbefore reserved." This language, however, when fairly construed, merely means that in addition to the rental stipulated the lessee is to pay the water rent above the minimum charge which is to be charged to the lessee, as well as the rent stipulated. Moreover, the words used "in addition to the rental hereinbefore reserved" expressly excludes the possibility that the water rent was to be considered as part of the rental. There is no language even remotely indicating when construed fairly, that the water rent was part of the rent, for the lease specifically provides for a stated rental of $437.50 per month.

Rent has been defined as the return, whether of money, service, or specific property, which the tenant makes to the landlord as compensation for the use of the demised premises: 36 C. J. 285. Excessive consumption of water is not implicit in the "use of demised premises." The excess water rent is something solely within the control of the one occupying the premises and is dependent upon the will of the tenant. The business conducted on the premises was that of a meat market requiring the use of many refrigerating devices. Rent is the return which the landlord receives as compensation for the use of the premises, but excess water rent is a charge made by the city, which does not accrue to the benefit of the landlord and is solely the result of the requirements of the business operated and not a charge for the use of the premises.

In Trickett on Landlord and Tenant (2d ed.), p. 96, it is stated: "Taxes, water rent, and gas bills cannot be considered as rent or included therein unless there is an intention to so consider them which must be clearly expressed in the contract between the parties and therefore these items cannot be collected by the lessors by the resort to the extraordinary remedies provided for in the case of a default to pay rent: Simon v. Alden, 30 Mont. 172; Latimer v. Groetzinger, 139 Pa. 207; Evans v. Lincoln Co., 204 Pa. 448; Robinson v. Huckstein, 55 Pa. Superior Ct. 141. The term 'rent' does not include water rent: Woodruff v. Nolan, 6 Lack. Jur. 3; Evans v. Lincoln Co., 204 Pa. 448."

It cannot be contended by any elastic process of reasoning that the provisions of the lease as to water rent clearly express an intention of the parties to make it part of the rent. In Miners' Bank of Pottsville v. Heilner, 47 Pa. 452, the lease provided that the sum advanced for improvements was to be paid to the lessor by an additional rent of 10 cents per ton on all coal mined. The court, holding that even though this charge was called rent it actually was not rent and therefore could not be considered such, declared (page 461): "The ten cents per ton were not rent, but simply a repayment of a loan of money. True it is called rent in the lease, but you do not alter the essential nature of a thing by misnaming it." We have previously indicated that water rent is not rent but a charge incurred as a result of the operation of a meat market business.

In Latimer v. Groetzinger et al., 139 Pa. 207, the lease contained a provision that if the lessee breached one of the terms of the lease a penalty of $10,000 was to be paid "in the nature of rent, in addition to the amount above mentioned" and at the regular stated times at which rent was to be paid. The court, in holding this provision not to be rent, stated: "The penalty is to be paid, not for the use of the premises, but as a punishment for the breach of the covenant not to carry on a certain business on the premises, and it is to be paid 'in addition' to the amount of the rent previously named; that is, a certain fixed 'rent,' by name as such, is to be paid for the use of the premises, and then, if a certain business is carried on, there is to be paid, in addition to the rent, a fixed 'penalty' of $10,000. The one sum, $416.67 monthly, is to be paid as rent of the

premises, and another sum, of $10,000, is to be paid as the penalty for violating a personal covenant. . . .

"But it is argued that the penalty is to be paid 'in the nature of rent,' and therefore it is to have all the qualities and incidents of rent. If it is in the nature of rent, or to be paid in the nature of rent, and yet, in fact, is not rent, it cannot have the incident of distress, because that incident pertains only to that which, in strict legal contemplation, is rent. So far as this clause of the lease is concerned, there is no stipulation for a right to distrain, and the right cannot follow by mere implication, when the money to be paid is in reality only a penalty for the violation of a personal covenant. But the last sentence of this clause preserves the distinction between the penalty and the rent, when it provides that the penalty shall be paid, 'in equal monthly instalments at the times of payment of the rent aforesaid, computing from April 1, 1888.' Now, 'the rent aforesaid' is the sum of $416.67 to be paid monthly in advance, and is in fact the only 'rent' which is to be paid for the use of the premises. When, therefore, the agreement expressly designates the 'rent aforesaid' as a different subject-matter from the penalty, it cannot be regarded as treating them in an identical sense.."

In the same manner, use of water in the operation of a business is not rent but merely a provision for payment for a material supplied in the operation of a business. The case is also analogous because the lease provides that the excess water rent is to be paid "in addition to the rental hereinbefore reserved", and the Supreme Court in the Latimer case interpreted the words "rent aforesaid" as being a different subject matter, which could not be regarded in an identical sense with the penalty therein stipulated. In Evans, Trustee, v. Lincoln Co., 204 Pa. 448, the Supreme Court expressly ruled on the question now before us and held that covenants that relate to the use of the premises but not to payments to the lessor for the use of the premises are not rent. Water rent was held not to be properly part of the rent.

In view of these considerations, we are of the opinion that the lease offered was in accordance with the terms of the contract and that the plaintiff is entitled to recover the sum of $1,000 with interest thereon as directed by the learned trial judge.

Another reason appears to us to support our conclusions. The agreement entered into between Lato and the plaintiff provided that the vendor was to assign "an existing lease or procure a new lease on the said premises at the rental of $437.50 per month." This language is in the alternative. The plaintiff offered to assign the existing lease and therefore fully complied with the terms of the agreement. While the defendant alleged fraudulent inducing representations, there was no evidence of fraud submitted, and therefore both Lato and the defendant were bound by the terms of the contract. It is admitted that the plaintiff was ready to assign the existing lease, but defendant relies rather upon the interpretation of the provision of the existing lease. No evidence of fraud having been offered or appearing in the record, the defendants are bound by the terms of the agreement. Both Lato and the defendant could have insisted on examining the lease before signing the contract, but, having failed to do so, cannot now complain of the provisions of their own contract. It is elementary and now well recognized that the provisions of a written contract cannot be altered by parol evidence in the absence of fraud, accident, or mistake.

The only reason advanced in support of the motion for new trial requiring consideration is that the jury should have passed upon the alleged negligence of the defendant in handing over the $1,000 to Lato. The defendant is a mem-

ber of the bar and at the time that he acted as escrow represented Lato. It is argued that he had the right to determine whether the parties had complied with the terms of the agreement. This rule might be operative if the discretion were lodged in the escrow, but the provisions of the agreement entered into between the parties merely stated the contingencies upon which the money was to be paid to the plaintiff or returned to Mr. Lato. Moreover, the evidence discloses that demand was made upon him by the plaintiff for the payment of the sum of $1,000 before he returned it to his client. Under the circumstances of the case, we feel that the relationship between the defendant and Mr. Lato and the fact that he was adequately notified that he would be held accountable for the sum of $1,000 presents a state of facts which would not require submission to the jury.

And now, to wit, August 11, 1933, the motion for judgment n. o. v. is overruled, the rule for new trial is discharged, and judgment is ordered to be entered upon the verdict upon payment of the jury fee. To this action of the court an exception is noted for the defendant.