Thal *v.* Schreibman, Appellant.

Argued October 8, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and JAMES, JJ.

*Michael H. Gurbarg,* for appellant.

*Robert Levin,* and with him *A. Walling Levin,* for appellee.

OPINION BY KELLER, J., February 1, 1935:

This is an action of assumpsit brought by the vendor of a meat market business in Norristown, Pa., including goodwill, stock and fixtures and lease, against the attorney of the vendee to recover from him personally $1,000 which the vendee had deposited in escrow with his attorney under the following conditions: "As security for the faithful performance of this agreement, the party of the second part [Jacob Lato] shall give to M. B. Schreibman [his attorney] simultaneous with the execution hereof the sum of one thousand ($1,000) dollars, said sum to be held by the said M. B. Schreibman in escrow, upon the following conditions: —(a) In the event that the gross receipts of the said store for the two days of November 18 and November 19, 1932, do not aggregate nine hundred ($900) dollars and in the event that the party

of the second part elects to rescind said agreement for said reason, then the said $1,000 shall be returned to the party of the second part. (b) Otherwise, the said money shall be turned over from said M. B. Schreibman to the party of the first part [Louis Thal] at the time fixed for settlement, as part of the purchase money, in the event that the party of the second part completes settlement hereunder, otherwise it shall be turned over to the party of the first part as liquidated damages for the default of the party of the second part in not completing settlement." The attorney, Schreibman, acknowledged the receipt of the money in the following endorsement: "I, M. B. Schreibman, herewith acknowledge receipt of one thousand ($1,000) from Jacob Lato in cash, which I agree to hold in escrow, in accordance with the foregoing agreement. M. B. Schreibman (Seal)."

The vendee, Lato, refused to carry out the contract, not because the gross receipts of the store for the two days, November 18 and 19, 1932, did not aggregate $900, but because the lease of the store room which the vendors had agreed to assign to the vendee required the "lessee to pay the water rent above the minimum charge for all water consumed in or on said premises as the same falls due," in addition to the monthly rental of $437.50 called for in the agreement of sale of said business. Thereupon, Schreibman, instead of paying the money over to the party of the first part, the vendor, Thal, as he had agreed to do, or asking leave to pay it into court, where Thal and Lato could interplead as to who was entitled to receive it, assumed the responsibility of returning it to his client, Lato, notifying Thal that his reason for so doing was that Mr. Lato was within his rights in demanding its return for the *reason stated above.* This action followed.

Lato did not claim that the gross receipts for No-

vember 18 and 19, 1932 did not aggregate $900; he could not, for they amounted to $1,067.60. Nor did he attempt to rescind the agreement for that reason. Strictly construed Schreibman's agreement was to pay over the money to Thal as liquidated damages for default on the part of Lato in not completing settlement. If Lato claimed he was not in default in completing settlement for the reason alleged by him as above, Schreibman could have protected himself by asking for an interpleader and paying the money into court. He chose, instead, to return the money to his client and thereby made himself personally liable to Thal for the money unless Lato was justified in rescinding the agreement on the ground stated by him, and hence was not in default nor liable to Thal for the liquidated damages fixed by the agreement. Under the escrow agreement Schreibman obligated himself to pay Thal the thousand dollars deposited with him except on one condition. To escape payment he must show that that contingency happened, or that Lato was justified in rescinding the agreement on the ground set up by him. He cannot defend in this action on any ground for rescission not advanced by Lato.

Without any agreement on the subject the tenant would be liable to pay for the water consumed by him in his business at meter rates, and a provision in the lease that "said water rent is to be charged to the said lessee the same as rent and in addition to the rental hereinbefore reserved," did not increase the lessee's liability nor furnish legal ground to the vendee for rescinding the agreement. It accordingly furnished Schreibman no ground of defense to this action to recover the money placed in his hands for the purpose of paying Thal on Lato's default in completing settlement. He paid the money over to his client, Lato, after demand had been made upon him for the payment of it to Thal under the terms of the agreement.

He ran the risk of being called on to pay it twice and has only himself to blame for the loss, if any.

The lease did not specifically give the landlord the right to distrain for the excess water used above the minimum charge, as rent. It did not even provide that the tenant should pay the water rent to the landlord. Without such a provision, clearly expressed, it is only a covenant to pay to the party entitled and cannot be enforced by distress: Evans, Trustee v. Lincoln Co., 204 Pa. 448, 54 A. 321. If payable to the borough or water company it forms no part of the 'damages, costs and charges' for which a distraint by the landlord was authorized.

On mature consideration we think the cases cited by the learned court below (Latimer v. Groetzinger, 139 Pa. 207, 21 A. 22; Evans v. Lincoln Co., supra; Robinson v. Huchestein, 55 Pa. Superior Ct. 141, 145, 146; Miners' Bank v. Heilner, 47 Pa. 452, 461) justified binding instructions in favor of the plaintiff and the refusal of the motions for judgment non obstante veredicto and for a new trial.

Judgment affirmed.